UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER GUERRERO HERNANDEZ,

      Petitioner,

  v.

                                  Case No. 2:26-cv-956-JES-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER, et
al.,

      Respondents.
_____

**OPINION AND ORDER**

Petitioner Alexander Guerrero Hernandez filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. 1). In the petition, he sought either release from immigration custody or a custody hearing at which the government would be required to justify his continued detention. (Id. at 7). In response, the government asserts that Guerrero Hernandez was removed from the United States and that his petition is now moot. (Doc. 13) Respondents move to dismiss the petition. (Id.) For the following reasons, the motion is granted.

In his petition, Guerrero Hernandez, a Cuban citizen, asserts that he has been in the United States for 46 years, has children who are United States citizens, and has never failed to report to ICE. (Doc. 1 at 6). Nevertheless, he was detained by Immigrations and Customs Enforcement (ICE) on March 3, 2026. (Doc. 13 at 2).

Respondents note that Guerrero Hernandez was ordered removed from the United States in 1995.  (Id. at 1).  He was booked out of ICE custody and removed to Mexico on March 27, 2026.  (Id. at 2).

Federal courts have limited jurisdiction.  Under Article III of the Constitution, our power extends only to actual "Cases" and "Controversies."  Id.  We do not issue advisory opinions or decide questions that have become academic.  See, e.g., Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

Here, Guerrero Hernandez asked this Court for a writ of habeas corpus to secure his release from detention.  But the Government ended his custody by removing him from the United States.  Thus, the condition he sought to escape no longer exists, and the habeas petition is moot.  Djadju v. Vega, 32 F.4th 1102, 1107 (11th Cir. 2022); see also Salmeron-Salmeron v. Spivey, 926 F.3d 1283, 1289 (11th Cir. 2019) ("As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody.").

No exception to the mootness doctrine applies here.  A case may survive if a petitioner suffers from collateral consequences of the detention—some concrete injury that persists even after release.  But Guerrero Hernandez's habeas petition challenged only his detention, not the validity of his removal order or anything else. He has not argued any continuing injury from his prior detention that this Court can now remedy.  See Djadju, 32 F.4th at 1107 ("So where a habeas petitioner has been released from

2

detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review." Al Najjar, 273 F.3d at 1339. But this applies only in "exceptional situations" where there is a "demonstrated probability" that the same controversy will happen again to the same person. Id. That is not the case here. The probability that Guerrero Hernandez will return to the United States and be re-detained is too remote to sustain federal jurisdiction. See, e.g., Mehmood v. United States Att'y Gen., 808 F. App'x 911, 913 (11th Cir. 2020). Moreover, Lopez Cordero can re-file a habeas petition should that occur.

Guerrero Hernandez is no longer in ICE custody. There is no live controversy left to adjudicate, and the Court is powerless to grant relief for a detention that has already ended. See Zapeta v. Exec. Dir. of the Fla. Div. of Emergency Mgmt., No. 2:25-CV-00697-JLB-KCD, 2025 WL 2432501, at *3 (M.D. Fla. Aug. 22, 2025).

Accordingly, it is hereby **ORDERED**:

1.   Respondents' motion to dismiss (Doc. 13) is **GRANTED.**

2.   Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as moot.

3

3.   The Clerk is **DIRECTED** to terminate all deadlines, deny any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 16, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4